# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GREGORY G. LAWRENCE,**
**Claimant Below, Petitioner**

vs.)    No. 17-0052 (BOR Appeal No. 2051428)
                    (Claim No. 930048488)

**WEST VIRGINIA OFFICE**
**OF THE INSURANCE COMMISSIONER,**
**Commissioner below, Respondent**

**and**

**POWER CONSTRUCTION & MAINTENANCE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory G. Lawrence, by J. Thomas Green Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Insurance Commissioner of West Virginia, in its capacity as administrator of the Old Fund, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

The issue presented in the instant appeal is the amount of permanent partial disability impairment for Mr. Lawrence's right shoulder injury. On February 27, 2015, the claims administrator granted no additional permanent partial disability. The Workers' Compensation Office of Judges affirmed the claims administrator's Order in a decision dated June 28, 2016. This appeal arises from the Board of Review's Final Order dated December 16, 2016, in which the Board affirmed the decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On March 23, 1993, Mr. Lawrence sustained an injury to his lumbar spine, cervical spine and his right shoulder while lifting a heavy coal nozzle. During the lifetime of his claim, Mr. Lawrence has been granted 21% permanent partial disability for his lumbar spine, 14% permanent partial disability for his cervical spine and 4% permanent partial disability for his right shoulder. The ratings for his lumbar and cervical spine have been established and resolved to finality years ago. The issue now pending on appeal is whether Mr. Lawrence should be granted an additional permanent partial disability award, over and above his prior rating for his right shoulder component of the claim.

On August 2, 2014, Joseph A. Snead, M.D., performed an independent medical evaluation to determine the extent of impairment of Mr. Lawrence for his injuries. Dr. Snead stated that the previously assigned ratings of 21% for the lumbar component of the claim, and the 14% rating for the cervical component remain the same. Mr. Lawrence reported persistent pain and functional limitation in his right shoulder at the time of evaluation. During examination, Dr. Snead noted positive impingement upon internal rotation and crepitation. Dr. Snead concluded that Mr. Lawrence has a 12% impairment of the right shoulder.

On February 20, 2015, Mr. Lawrence was evaluated by Robert B. Walker, M.D., for an independent medical examination. Dr. Walker found Mr. Lawrence's symptoms to be active, but stable, and declared him to have reached maximum medical improvement for his injuries. Dr. Walker did not mention Mr. Lawrence's right shoulder injury and failed to address the right shoulder as a component of the claim. Instead, Dr. Walker concluded that Mr. Lawrence has an 11% whole person impairment for his lumbar injuries, less any prior awards.

On February 27, 2015, the claims administrator notified Mr. Lawrence that no additional permanent partial disability had resulted from his compensable injury and stated that he had been fully compensated by his prior 4% permanent partial disability award. The Office of Judges affirmed the claims administrator's Order on June 28, 2016, and incorrectly concluded that the right shoulder is not a component of the claim. Accordingly, the Office of Judges found that Mr. Lawrence has been fully compensated for his compensable injury.

On December 16, 2016, the Board of Review affirmed the decision of the Office of Judges. However, the Board of Review did not adopt the conclusion of law that the right shoulder is not a compensable component of the claim. The Board noted that this Court granted Mr. Lawrence a 4% permanent partial disability award for the right shoulder on August 13, 2009[1]. The Board went

---

[1] *Gregory G. Lawrence v. Workers' Compensation Division and Power Construction & Maintenance, Inc.*, No. 34408 (August 13, 2009) (memorandum decision). The Court remanded the case to the Board of Review with directions to enter an order granting Mr. Lawrence an additional 4% permanent partial disability award for his right shoulder injury.

on to find that the preponderance of the evidence does not establish that the 12% impairment of the right shoulder found by Dr. Snead is related to Mr. Lawrence's injury of March 23, 1993.

After review, we disagree with the decision of the Board of Review. The Board of Review concluded that the preponderance of the evidence does not establish that the impairment rating assigned by Dr. Snead is related to Mr. Lawrence's injury. In his letter to counsel for Mr. Lawrence, Dr. Snead clearly states that he performed an evaluation to determine the extent of impairment Mr. Lawrence has in relation to the compensable right shoulder element of his March 23, 1993, work injury. Dr. Snead noted that Mr. Lawrence suffers persistent pain and functional limitation in his right shoulder. Dr. Snead went on to find crepitation and positive signs of impingement. Following a Range of Motion assessment under the American Medical Association, *Guides to the Evaluation of Permanent Impairment* (4th Ed. 1993), Dr. Snead found a 12% impairment rating for Mr. Lawrence's right shoulder.

The only other impairment evaluation in the record is from Dr. Walker, who failed to mention the right shoulder as a compensable component of the claim. In light of the evidence, it appears that this appeal should be remanded for a further development of the evidentiary record regarding any residual impairment from Mr. Lawrence's right shoulder. Although Dr. Snead found crepitation and positive signs of impingement as limitations of Mr. Lawrence's right shoulder, another evaluation should be performed to determine the true amount of impairment for the right shoulder injury.

For the foregoing reasons, we find that the decision of the Board of Review is the result of an erroneous conclusion of law. Therefore, the decision of the Board of Review is reversed, and this case is remanded for a further development of the evidentiary record to determine the impairment for the compensable right shoulder injury.

Reversed and Remanded.

**ISSUED: September 15, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker